01

02

03

04

05

06

07                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
08                                 AT SEATTLE

09   RICHARD TYLER FRAZER,              )    CASE NO. C12-5856-RSL-MAT
                                        )
10           Plaintiff,                 )
                                        )
11       v.                             )    REPORT AND RECOMMENDATION
                                        )    RE: SOCIAL SECURITY DISABILITY
12   CAROLYN W. COLVIN, Acting          )    APPEAL
     Commissioner of Social Security,[1] )
13                                      )
             Defendant.                 )
14   _____ )

15           Plaintiff Richard Tyler Frazer proceeds *pro se* in his appeal of a final decision of the

16   Commissioner of the Social Security Administration (Commissioner).   The Commissioner

17   denied plaintiff's applications for Supplemental Security Income (SSI) and Disability

18   Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ).   Having

19   considered the ALJ's decision, the administrative record (AR), and all memoranda of record,

20   the Court recommends this matter be AFFIRMED.

21   _____

22           1 Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted as defendant in
     this suit.   Fed. R. Civ. P. 25(d)(1).

     REPORT AND RECOMMENDATION
     RE: SOCIAL SECURITY DISABILITY APPEAL
     PAGE -1

01        **FACTS AND PROCEDURAL HISTORY**

02        Plaintiff was born on XXXX, 1973.[2]  He completed high school and three years of

03 college (AR 38, 125), and last worked, in 1998, as a landscaper (AR 38, 107-08, 111).

04        Plaintiff filed applications for SSI and DIB in November 2007, alleging disability since

05 December 31, 1996. (AR 96-105.)  His applications were denied initially and on

06 reconsideration, and he timely requested a hearing.

07        ALJ Verrell Dethloff held a hearing on August 26, 2009, taking testimony from

08 plaintiff.  (AR 34-45.)  On February 10, 2010, the ALJ rendered a decision finding plaintiff

09 not disabled.  (AR 19-29.)

10        The Appeals Council denied plaintiff's request for review on July 20, 2012 (AR 1-5),

11 making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this

12 final decision of the Commissioner to this Court.

13        **JURISDICTION**

14        The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

15        **DISCUSSION**

16        The Commissioner follows a five-step sequential evaluation process for determining

17 whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).   At step one, it

18 must be determined whether the claimant is gainfully employed.   The ALJ found plaintiff had

19 not engaged in substantial gainful activity since December 31, 1996, the alleged onset date.

20        At step two, it must be determined whether a claimant suffers from a severe impairment.

21 _____

22        2 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

01   The ALJ found plaintiff's major depressive disorder, pain disorder, status post left knee

02   surgery, right shoulder strain, and partial sacralization of the lumbar spine severe.   Step three

03   asks whether a claimant's impairments meet or equal a listed impairment.   The ALJ found

04   plaintiff's impairments did not meet or equal the criteria of a listed impairment.

05         If a claimant's impairments do not meet or equal a listing, the Commissioner must

06   assess residual functional capacity (RFC) and determine at step four whether the claimant has

07   demonstrated an inability to perform past relevant work.   The ALJ found plaintiff had the RFC

08   to perform light work, with the ability to lift ten pounds frequently and twenty pounds

09   occasionally, and to walk and stand for about six hours in an eight-hour day.   He could

10   occasionally: reach, push, or pull overhead with the right arm; climb ladders, ropes, and

11   scaffolds; and stoop, kneel, crouch, and crawl.   He should avoid exposure to extreme cold and

12   concentrated exposure to vibration.   Plaintiff could perform simple and some detailed tasks,

13   but not complex tasks, and manage to have the superficial interaction required of everyday life,

14   including relating to coworkers and supervisors.   With that RFC, the ALJ found plaintiff

15   unable to perform any past relevant work.

16         If a claimant demonstrates an inability to perform past relevant work or has no past

17   relevant work, the burden shifts to the Commissioner to demonstrate at step five that the

18   claimant retains the capacity to make an adjustment to work that exists in significant levels in

19   the national economy.   With consideration of the Medical-Vocational Guidelines, the ALJ

20   concluded plaintiff's limitations would not have a significant effect on his ability to perform

21   unskilled work, and that the Guidelines directed a finding of not disabled.   The ALJ found

22   plaintiff was not under a disability from December 31, 1996 through the date of the decision.

01        This Court's review of the ALJ's decision is limited to whether the decision is in

02    accordance with the law and the findings supported by substantial evidence in the record as a

03    whole.   *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).   Substantial evidence means

04    more than a scintilla, but less than a preponderance; it means such relevant evidence as a

05    reasonable mind might accept as adequate to support a conclusion.   *Magallanes v. Bowen*, 881

06    F.2d 747, 750 (9th Cir. 1989).   If there is more than one rational interpretation, one of which

07    supports the ALJ's decision, the Court must uphold that decision.   *Thomas v. Barnhart*, 278

08    F.3d 947, 954 (9th Cir. 2002).

09        Plaintiff challenges the ALJ's decision as related to his SSI claim.   (*See* Dkt. 24 at 3.)

10    The only specific assignment of error raised consists of a challenge to the ALJ's consideration

11    of the opinion of examining physician Dr. Mark Heilbrunn.   (Dkt. 24.)   *See generally*

12    *Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address

13    issues not argued with any specificity) (citing *Paladin Assocs., Inc. v. Mont. Power Co.*, 328

14    F.3d 1145, 1164 (9th Cir. 2003) (the court "ordinarily will not consider matters on appeal that

15    are not specifically and distinctly argued in an appellant's opening brief").)   Plaintiff requests

16    remand for an award of benefits.   The Commissioner argues the ALJ's decision is supported

17    by substantial evidence and should be affirmed.

18                            Opinions of Dr. Mark Heilbrunn

19        Plaintiff avers an absence of evidence Dr. Heilbrunn reviewed x-ray evidence revealing

20    abnormalities in his spine (*see* AR 220), and maintains the ALJ erred in relying almost entirely

21    on the report from Dr. Heilbrunn.   Plaintiff takes issue with various aspects of Dr. Heilbrunn's

22    report, stating, for example, that he told Dr. Heilbrunn he was in pain during a straight-leg

01  raising test, denying the physician had the ability to identify an absence of muscle atrophy in a

02  single examination, and offering his own interpretation of the medical evidence.   Plaintiff also

03  points to a lumbar spine MRI post-dating the ALJ's decision (AR 221-23) and submitted to the

04  Appeals Council, and submits to this Court Washington State Department of Health Medical

05  Quality Assurance Commission disciplinary records pertaining to Dr. Heilbrunn (Dkts. 24-1 &

06  24-2).   However, for the reasons explained below, plaintiff fails to identify error in the ALJ's

07  decision.

08          The ALJ noted that the only examinations in the record were associated with plaintiff's

09  disability claim, and concluded the examinations did not reveal findings indicative of a

10  disabling impairment.   (AR 24.)   He described the December 2007 report of Dr. Heilbrunn in

11  detail, including plaintiff's report "he could lift 50 pounds, was not limited in walking or

12  standing, and could negotiate steps and uneven terrain[,]" and the findings of "some crepitus in

13  the left knee; tenderness to palpation in the lower back and right shoulder; and limited range of

14  motion in the back, left knee, and right shoulder based on subjective pain complaints."   (*Id.*

15  (discussing AR 185-90).)   He noted:   "Lumbar spine x-rays showed partial sacralization at L5

16  with pseudoarthosis of the right transverse process of the sacral base."   (*Id.* citing AR 191).)

17  The ALJ further stated:

18          However, the abnormalities shown in the x-ray cause few, if any, observed
           functional limitations on examination.   Dr. Heilbrunn found that the claimant
19          had no problems bending over to take off his pants, socks, and shoes.   He had
           no difficulty getting on and off the examination table, sitting up from a supine
20          position, or performing a full crouch.   He exhibited a negative straight leg raise
           test and his gait, station, motor strength, and sensation were all normal.   Dr.
21          Heilbrunn found no evidence of nerve root impingement.

22  (*Id.*, internal citation to record omitted.)

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

01          The ALJ accorded significant weight to Dr. Heilbrunn's opinions as to plaintiff's

02    limitations, finding them consistent with his objective findings.   (AR 25 (noting Dr. Heilbrunn

03    found plaintiff had moderate impairment regarding frequent and overhead reaching with right

04    arm, could sit five to six hours and stand/walk six hours, and could lift and carry thirty to forty

05    pounds with either hand on frequent basis).)   He also gave significant weight to the opinions of

06    a state agency consultant who reviewed the record, finding them "generally consistent with the

07    findings and opinions of Dr. Heilbrunn."   (*Id*.)   The ALJ's RFC assessment corresponds with

08    the assessment of the state agency consultant.   (*See id*. and AR 192-200.)

09          "[T]he ALJ is responsible for determining credibility, resolving conflicts in medical

10    testimony, and for resolving ambiguities."   *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

11    1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).   *Accord Carmickle*, 533

12    F.3d at 1164; *Thomas*, 278 F.3d at 956-57.   The ALJ must support his findings with "specific,

13    cogent reasons."   *Reddick*, 157 F.3d at 722 (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231

14    (9th Cir. 1990)).   When evidence reasonably supports either confirming or reversing the ALJ's

15    decision, we may not substitute our judgment for that of the ALJ.   *Tackett v. Apfel*, 180 F.3d

16    1094, 1098 (9th Cir. 1999).   *Accord Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599

17    (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is

18    the ALJ's conclusion that must be upheld.") (citing *Andrews*, 53 F.3d at 1041).

19          Plaintiff's contention as to an absence of evidence Dr. Heilbrunn reviewed the x-ray

20    evidence is not well taken.   The copies of the x-ray results show that they were ordered by and

21    sent to Dr. Heilbrunn.   (AR 191 & 220.)   Moreover, the record in this case contains no opinion

22    evidence contrary to that relied upon by the ALJ in relation to plaintiff's physical impairments.

01   While plaintiff takes a contrary view of the evidence, he fails to demonstrate the ALJ's

02   interpretation and acceptance of the medical opinion evidence, or any other evidence in the

03   record, was not rational.   Also, as discussed below, the ALJ provided clear and convincing

04   reasons for finding plaintiff less than fully credible.

05        Plaintiff's reliance on evidence submitted to the Appeals Council is likewise unavailing.

06   The Court considers the evidence submitted to the Appeals Council in determining whether

07   there is substantial evidence support for the ALJ's decision.   *Brewes v. Comm'r of Soc. Sec.*

08   *Admin*., 682 F.3d 1157, 1163 (9th Cir. 2012).   Plaintiff submitted several medical records to

09   the Appeals Council, and here maintains a June 2010 MRI of the lumbar spine constitutes

10   reliable objective evidence medically verifying his claims and the causes of his back pain.

11   (AR 5-6, 217-23.)   The MRI findings include mild and mild to moderate degenerative disc

12   changes, "[s]mall broad-based disc bulge[s,]" annular fissures, an absence of spinal canal or

13   neural foraminal narrowing, "contact and possible slight impingement of the left L3 nerve root

14   by disc bulge," and "[p]rominent L5 transverse processes on the right . . . closely apposed to the

15   adjacent sacral ala with resultant subchondral reactive changes."   (AR 222-23.)

16        In arguing error in relation to this evidence, plaintiff points, in particular, to the

17   evidence of possible nerve root impingement/compression.   However, the ALJ acknowledged

18   the existence of a severe back impairment and associated objective evidence in the record, but

19   found a lack of evidence any abnormalities caused functional limitations on examination. (AR

20   21, 24).   The ALJ nonetheless assessed a variety of physical limitations to account for

21   plaintiff's impairments and found plaintiff's testimony as to the degree of his limitation not

22   credible to the extent inconsistent with that assessment.   (AR 23-24.)   While the MRI adds

01  additional objective evidence to the record, it remains that there is an absence of support for a

02  finding that plaintiff's back impairment imposes functional limitations greater than that

03  assessed by the ALJ. The Court further observes that the MRI reflects "mild" and "mild to

04  moderate" changes, "small" disc bulges, and only "possible slight" impingement of the nerve

05  root. (AR 222-23.) Even with consideration of this evidence, the ALJ's decision has the

06  support of substantial evidence.

07          Finally, plaintiff does not demonstrate error by pointing to State disciplinary records.

08  The documents are not a part of the record. Nor can it reasonably be said that documents

09  showing Dr. Heilbrunn faced State disciplinary charges in 1999, was subjected to probation,

10  and was reinstated in 2001 (Dkts. 24-1 & 24-2), are in any respect material to this matter. *Cf.*

11  42 U.S.C. § 405(g) ("The court  . . . may at any time order additional evidence to be taken

12  before the Commissioner . . . , but only upon a showing that there is new evidence which is

13  material and that there is good cause for the failure to incorporate such evidence into the record

14  in a prior proceeding[.]") Instead, as argued by the Commissioner, the documents are

15  irrelevant to the consultative examination Dr. Heilbrunn conducted in 2007, and the ALJ

16  properly considered and relied upon evidence from this licensed physician. 20 C.F.R. §§

17  404.1513(a)(1), 416.913(a)(1) (licensed physicians are acceptable medical sources who can

18  provide evidence to establish the existence of an impairment).)

19          In sum, plaintiff fails to demonstrate error in the ALJ's consideration of Dr. Heilbrunn's

20  opinions. The ALJ's decision has the support of substantial evidence.

21                                    Credibility

22          As stated above, the only specific assignment of error raised by plaintiff related to the

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -8

01 ALJ's consideration of the evidence from Dr. Heilbrunn.   However, while the Court ordinarily

02 only considers issues argued with specificity, *Carmickle*, 533 F.3d at 1161 n.2, it finds it

03 prudent to also consider the possibility that plaintiff challenges the ALJ's assessment of his

04 credibility.   For the reasons described below, the Court finds no error in that assessment.

05       Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

06 reject a claimant's testimony.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)

07 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  *See also Vertigan v. Halter*,

08 260 F.3d 1044, 1049 (9th Cir. 2001).   "General findings are insufficient; rather, the ALJ must

09 identify what testimony is not credible and what evidence undermines the claimant's

10 complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).   "In weighing a claimant's

11 credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his

12 testimony or between his testimony and his conduct, his daily activities, his work record, and

13 testimony from physicians and third parties concerning the nature, severity, and effect of the

14 symptoms of which he complains."  *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir.

15 1997).

16       In this case, the ALJ concluded that, while plaintiff's impairments could reasonably be

17 expected to cause some symptoms, his testimony was consistent with the RFC.   He noted, for

18 example, plaintiff's testimony that "he has spent time with various friends and that he traveled

19 100 miles to Astoria, Oregon last year to accompany a friend to Costco."   (AR 24.)   The ALJ

20 concluded other testimony as to the intensity, persistence, and limiting effects of plaintiff's

21 symptoms was not credible to the extent inconsistent with the assessed RFC.   (*Id.*)

22       The ALJ found the medical record to support the RFC assessment, explaining there was

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -9

01   no evidence plaintiff "received, or even attempted to obtain, treatment for his alleged physical

02   and mental symptoms." (*Id*.) He noted that, although plaintiff testified to lacking health

03   insurance or financial resources to obtain treatment, "the record does not show that he made any

04   attempt to use resources such as low or no cost clinics or hospital emergency rooms[,]" and that

05   the only examinations were associated with his pursuit of disability benefits. (*Id*.)

06        An ALJ appropriately considers an unexplained or inadequately explained failure to

07   seek treatment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ permissibly

08   inferred that the claimant's pain was not as disabling as alleged "in light of the fact that he did

09   not seek an aggressive treatment program and did not seek an alternative or more-tailored

10   treatment program after he stopped taking an effective medication due to mild side effects.")

11   *See also* Social Security Ruling (SSR) 96-7p (ALJ should not draw inferences from failure to

12   seek or pursue treatment without first considering explanations for that failure, including an

13   inability to afford treatment). "[A] claimant's failure to assert a good reason for not seeking

14   treatment, 'or a finding by the ALJ that the proffered reason is not believable, can cast doubt on

15   the sincerity of the claimant's pain testimony.'" *Molina v. Astrue*, 674 F.3d 1104, 1113-14

16   (9th Cir. 2012) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

17        The ALJ in this case appropriately considered plaintiff's failure to seek treatment and

18   found insufficient his explanation for that failure. Neither plaintiff's assertion that he has

19   "sublimated the symptoms of his impairment, so as to not over-burden his mother[,]" or the fact

20   that he once visited an emergency room (Dkt. 26 at 5-6) undermines the ALJ's reasoning.

21        The ALJ next found that the examinations in the record did not produce findings

22   indicative of a disabling level of impairment, first discussing evidence from Dr. Heilbrunn, as

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -10

01   described above.   (AR 24-25.)   The ALJ also described evidence from an examining

02   psychologist, including testing results, and found the "well written" correspondence from

03   plaintiff in the record, including analysis and discussion of case law and regulations, to also

04   support a finding that plaintiff had "few, if any, cognitive limitations." (*Id.*)   The ALJ,

05   therefore, properly considered both a lack of objective evidence support, and inconsistent

06   evidence in the record.   *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While

07   subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated

08   by objective medical evidence, the medical evidence is still a relevant factor in determining the

09   severity of the claimant's pain and its disabling effects."), SSR 96-7p (same), and *Carmickle*,

10   533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the

11   claimant's subjective testimony.") (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.

12   1995)).

13        Finally, the ALJ pointed to evidence of plaintiff's daily activities.   He described

14   plaintiff's testimony that "he is limited by pain but can sometimes perform household chores

15   such as sweeping, preparing meals, and washing dishes[,]" and his statement to Dr. Heilbrunn

16   that "he could undertake all household activities and that he was not limited in walking or

17   standing."   (AR 25 (citing AR 185).)   The ALJ also again noted that plaintiff drove 100 miles

18   to assist a friend shopping at Costco.   (*Id.*)

19        Plaintiff denies inconsistency, describes Dr. Heilbrunn's statement as hearsay, and

20   avers his statements at hearing merely specify his household activities.   He describes the

21   Costco incident as isolated, and explains he was unable to participate in daily activities for

22   several days after this incident due to pain and fatigue.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL

01          The ALJ appropriately considered both inconsistency in plaintiff's statements and

02   evidence of his daily activities.   *See* SSR 96-7p ("One strong indication of the credibility of an

03   individual's statements is their consistency, both internally and with other information in the

04   case record.") and *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (ALJ

05   appropriately considers inconsistencies or contradictions between a claimant's statements and

06   activities of daily living).   As stated by the Ninth Circuit:

07          While a claimant need not '"vegetate in a dark room"' in order to be eligible for
            benefits, the ALJ may discredit a claimant's testimony when the claimant
08          reports participation in everyday activities indicating capacities that are
            transferable to a work setting.   Even where those activities suggest some
09          difficulty functioning, they may be grounds for discrediting the claimant's
            testimony to the extent that they contradict claims of a totally debilitating
10          impairment.

11   *Molina*, 674 F.3d at 1112-13 (citations omitted).   Plaintiff fails to demonstrate any error in the

12   ALJ's consideration of evidence as to his statements or daily activities.

13          As described above, the ALJ provided several clear and convincing reasons for finding

14   plaintiff less than fully credible.   The credibility assessment should, therefore, be upheld.

15                                        **CONCLUSION**

16          For the reasons set forth above, this matter should be AFFIRMED.

17          DATED this 13th day of June, 2013.

18

19                                                    _____
                                                      Mary Alice Theiler
20                                                    United States Magistrate Judge

21

22

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -12